# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **18-01639-jw**

## ORDER

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/01/2021**



*signature: John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 09/01/2021

Document      Page 2 of 7

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 18-01639-JW |
| | Chapter 13 |
| Ronnie Allen Williams and Laura Denise Williams, | **ORDER** |
| Debtor(s). | |

This matter comes before the court upon a Notice and Application for Settlement and Compromise *Nunc Pro Tunc* ("Application") filed and served on all creditors and the Chapter 13 trustee by Ronnie Williams and Laura Williams ("Debtors") on August 2, 2021. Through the Application, Debtors seek the Court's approval, *nunc pro tunc,* of a settlement for a post-confirmation worker's compensation action arising from injuries suffered by Debtor Laura Williams ("Injured Debtor"). No creditor or party in interest timely objected to the Application, and the Trustee noted his consent to the Application on August 24, 2021.

The South Carolina Worker's Compensation Commission for Charleston County, South Carolina approved the settlement of the Injured Debtor's worker's compensation claim for $47,500.00, and it also approved a deduction for attorney's fees[1] in the amount of $15,833.33 and certain costs of $2,635.36, which included medical expenses that Debtors paid. Debtors assert that the remaining settlement proceeds of $29,031.31 are fully

---

[1] The Injured Debtor indicated her belief that her injury occurred on October 7, 2019 and retained counsel on a standard 1/3 contingency fee on January 21, 2020. A recent disclosure of that compensation agreement was made by filing with this Court on August 2, 2021.

exempt, but instead of claiming the exemption, they have voluntarily elected to use the proceeds to pay off the remaining payments due under their confirmed plan.[2]

After considering the matter, the Court has concluded that its approval of the settlement is not required. *See* Fed. R. Bankr. P. 9019(a) (narrowly applying to instances where approval of a settlement arises "[o]n motion by the trustee"); *see, e.g., In re Revels*, 616 B.R. 675, 679-81 (Bankr. E.D.N.C 2020) ("A chapter 13 debtor does not have the duty to file a motion to approve compromise or settlement under Rule 9019."). But to any degree the Court's approval could be required, the Court approves the settlement.

The Debtors' Chapter 13 plan, which the Court confirmed on September 4, 2019, states that that property of the estate will vest in the Debtors upon confirmation as follows:

> Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the Debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. …. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.[3]

Inherent in this provision is the intent that the Debtors will use and gain property of the estate without the additional permission of the Chapter 13 Trustee or the Court.

According to a prior holding of the Court in *In re Boyd*, a chapter 13 debtor, in possession of property of the estate post-confirmation, has standing to maintain a cause of action on behalf of the estate, such as a worker's compensation claim, in her own name

---

[2] The proposed order accompanying the Application declared the proceeds were exempt and made no reference to the use of the proceeds to pay off Debtors' confirmed plan. A review of the case docket does not indicate that the Injured Debtor ever amended Schedule C to claim an exemption in the proceeds and therefore the proposed order may be incorrect if entered. The Trustee did not note the discrepancy between the Application and the proposed order likely due to the consensual resolution of the issues.

[3] Confirmed Ch. 13 Plan, ECF No. 21.

2

exclusive of the trustee, in any tribunal and *without court approval*.[4] 618 B.R. 133, 174 (Bankr. D.S.C. 2020).

This holding was based in part on the Fourth Circuit's reasoning in *Wilson v. Dollar General Corporation,* which found that absent a provision in a confirmed plan or other order, a chapter 13 debtor shall remain in possession of all property of the estate and is explicitly given the authority, exclusive of the trustee to use, sell, or lease property of the estate, including the right to sue in his own name pursuant to 11 U.S.C. § 1306(b). 717 F.3d 337, 343-44 (4th Cir. 2013) (citing Fed. R. Bankr. P. 6009 and Fed. R. Civ. P. 17(a)). While *Wilson* addressed a prepetition cause of action, the reasoning is equally applicable to post-petition lawsuits. *See Boyd,* 618 B.R. at 176 (holding that a Chapter 13 debtor had the ability to pursue post-confirmation litigation in his or her own name pursuant to *Wilson v. Dollar General, Corp.*, 717 F.3d 337, 343 (4th Cir. 2013)). Moreover, 11 U.S.C. § 1302 sets forth the duties of the chapter 13 trustee, which notably **do not include** the duty "to collect and reduce to money the property of the estate for which such trustee serves" as set forth in §704(a)(1). *See* 11 U.S.C. § 1302 (incorporating duties specified in §§ 704(a)(2), 704(a)(3), 704(a)(4), 704(a)(5), 704(a)(6), 704(a)(7), and 704(a)(9)), but not § 704(a)(1)).

Additionally, a confirmed plan is *res judicata* and binding on all parties, including the trustee pursuant to § 1327(a). Absent a voluntary decision by debtors, the proper means to provide for post confirmation property to be used to accelerate or increase payments to prepetition creditors is through a modification of the confirmed plan pursuant to § 1329,

---

[4] The Court in *Boyd* also stated that in this District, due to the lack of any local rule or order, a chapter 13 debtor does not have a duty to disclose a post-petition asset since no such duty is prescribed by any provision of the Bankruptcy Code and Rules. However, in this case, Debtors have nevertheless disclosed the settlement proceeds, which provided the trustee with sufficient information to seek modification of the plan pursuant to § 1329. Here, modification appears unnecessary even if requested because Debtors are paying off the plan's outstanding balance with the remaining settlement proceeds.

3

under which only the debtor, trustee or the holder of an allowed unsecured claim have standing to assert. To obtain a modification of a chapter 13 plan in the Fourth Circuit, the movant must demonstrate a substantial and unanticipated change in financial circumstances. *In re Arnold,* 869 F.2d 240, 244-45 (4th Cir. 1989).[5] Therefore, the question is not whether the trustee or the Court approves of the debtor's settlement, but how the proceeds are used, an issue which can often be determined without the delays and costs associated with the filing and noticing of an application for approval.[6]

Since the settlement proceeds, which appear exemptible under state law, are being voluntarily used for payment of the balance due under the confirmed plan, the Court need not decide the question of whether a settlement should be approved. It would be futile in future similar cases to incur costs and delay in waiting for an objection or the notice time to elapse.

---

[5] In *In re Murphy,* the Fourth Circuit considered whether debtors in two separate cases had experienced a substantial change in financial condition sufficient to require modification of their chapter 13 plans. 474 F.3d 143 (4th Cir. 2007). In one instance, the debtors had refinanced their home mortgage, ***receiving*** some of the equity in their residence in exchange for a corresponding amount of debt. In the other, the debtor had sold a condominium which had increased in value from $155,000 at the time the case was filed to $235,000 at the time of its sale by the debtor. The Fourth Circuit held that the debtors who refinanced their home mortgage did not experience a substantial change in financial condition because all the debtors did was eliminate a portion of their equity in the property for cash in exchange for a debt in the same amount. *Id.* at 150. Accordingly, the doctrine of *res judicata* prevented modification of their confirmed plan pursuant to §§1329(a)(1) or (a)(2). Regarding the debtor who sold his condominium for profit, the Fourth Circuit held that he did experience a substantial change in financial condition because by selling his condominium, he ***received*** a substantial amount of readily available cash without any debt. Therefore, the bankruptcy court did not abuse its discretion by modifying the debtor's plan to provide for full payment of the pending unsecured claims.

[6] An examination of supplemental attorney's fees in various cases indicates that debtors' attorneys charge between $500-$1000 for the preparation and service of applications to approve settlements. Additionally, the applications appear to be served upon all creditors and generally result in a delay for an objection period and order processing of approximately 30 days. This raises the costs in cases and at times diminishes the dividend available to unsecured creditors. However, in this case, the Court does not question counsel's entitlement to fees in this case.

Likewise, the employment of the Injured Debtor's worker's compensation counsel and the compensation remitted to him from the settlement proceeds are not objectionable in this case. The Court's approval of the post-petition employment of an attorney by a chapter 13 debtor is not required by § 327 since that section only applies to a trustee.[7] *See In re Boyd*, 618 B.R. 133, 174 (Bankr. D.S.C. 2020); *In re Cahill*, 478 B.R. 173 (Bankr. S.D.N.Y. 2012); *In re Scott*, 531 B.R. 640 (Bankr. N.D. Miss. 2015); *In re Roberts*, 556 B.R. 266 (Bankr. S.D. Miss. 2016) and *In re Jones*, 505 B.R. 229, (Bankr. E.D. Wisconsin, 2014).

There is also no requirement for such notice and approval if the attorney was employed prepetition. *See In re Overstreet*, No. 07-5397, slip op. (Bankr. D.S.C. Mar. 5, 2010) (citing *In re Tirado*, 329 B.R. 244, 248-50 (Bankr. E.D.Wis. 2005)); *see also In re Powell*, 314 B.R. 567, 569-70 (Bankr. N.D. Tex. 2004); *In re Harris*, 298 B.R. 319, 320-21 (Bankr. E.D. Tenn. 2003); *In re Dugger*, No. 97-30410, 1999 WL 33486706, at *4 (Bankr. D. Idaho Mar. 5, 1999). Likewise, the absence of the need for approval of employment resolves any *nunc pro tunc* issue.

Finally, the compensation of Injured Debtor's counsel was a one-third contingency fee of the gross proceeds of recovery, which is the standard in this District. The additional costs deducted were primarily for medical bills. These items were expressly approved according to state law, applicable state regulations and the South Carolina Code of Professional Conduct by an Administrative Order issued by the Honorable Susan S. Barden on May 7, 2021. The Court does not feel it appropriate to second guess the state court

---

[7] The nonstandard language Statement in Support included in the confirmed plan indicates a requirement to obtain prior court approval of the employment of professionals. However, that provision appears contrary to the Bankruptcy Code and Rules and therefore, can no longer be viewed as effective.

5

regarding matters properly considered and regulated by state law. As to the timeliness of the disclosure of compensation agreement and payment under § 329, the Court finds them acceptable under the circumstances of this case.[8]

In this case, the Court finds Debtor's employment of her worker's compensation counsel for her personal injury litigation, the compensation paid to him, and the deducted expenses acceptable and approves them to the extent necessary.

**THEREFORE, IT IS ORDERED** that,

Approval of the Application is unnecessary. To the degree that it is necessary, the Court has examined all the circumstances and approves the conduct of Debtors and her worker's compensation counsel and the settlement and proposed distribution in all respects.

**AND IT IS SO ORDERED.**

---

[8] In this Court's view, to establish the need to disclose a compensation agreement under § 329, it must first be determined that the services rendered under the compensation agreement were "in contemplation or in connection with the case." *See, e.g., In re Defeo*, 627 B.R. 341, 346 (Bankr. D.S.C. 2021) (concluding that an action to enforce 11 U.S.C. § 362(k) is "based solely in the Bankruptcy Code [and] brought before the U.S. Bankruptcy Court *in connection with* Debtor's bankruptcy case.").